891 F.2d 287
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wanda Ramey SUTHERLAND, Administratrix of the estate of
Warren Thomas Sutherland, deceased; Lola M.
White, Administratrix of the estate of
Donald Joe White, deceased,
Plaintiffs-Appellants,
v.
Kenneth A. HOLCOMBE, individually and as Chief of Police of
the Police Department of the City of Easley, South Carolina;
James Terry Moore, individually and as a police officer in
the Police Department of the City of Easley, South Carolina;
City of Easley, South Carolina, a Municipal Corporation,
Defendants-Appellees.
 No. 89-1708.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 4, 1989.
Decided: Nov. 17, 1989.
 
 Joseph Grady Wright, III (Wright & Trammell, on brief), Ansel Darwyn Orander, Jr. (James C. Alexander, Coyle, Hughes & Alexander, on brief), for appellants.
 Cary Calhoun Doyle, Sr. (Doyle & O'Rourke, on brief), for appellees.
 Before SPROUSE, Circuit Judge, BUTZNER, Senior Circuit Judge, and JOHN A. MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The actions underlying this appeal were brought by the estates of two men, Warren Thomas Sutherland and Donald Joe White, who were killed in a high speed police pursuit. The estates sued the officer who drove the chase car, claiming he used unreasonable deadly force in stopping the decedents' vehicle, and the City of Easley, South Carolina and its police chief, alleging they failed to supervise and train their police officers and to implement appropriate policies concerning high speed chases. The estates appeal the entry of summary judgment for the defendants. We affirm.
 
 
 2
 * Early on the morning of September 7, 1985, Sergeant James Terry Moore and Officer Larry Waters of the Easley Police Department were notified that the Pickens County Sheriff's Department was pursuing a white Maverick toward the city. Moore and his partner spotted a car matching that description and gave chase with full lights and sirens. Moore was at the wheel of the squad car. The Maverick ran a red light and continued at high speed through the streets of Easley. The cars turned onto Robert P. Jeans Road, which Moore later described as "a winding little road" and "rough." At one point, the road dips, curves to the right, and has a bump. The dispatcher warned Moore he would have trouble with the curve, and Moore, who was familiar with the road, put on his brakes. The Maverick did not slow. When it hit the bump, it flew through the air, flipped over, and crashed into a utility pole. The driver of the car, 20-year-old Donald Joe White, and his passenger, 22-year-old Warren Thomas Sutherland, were killed.
 
 
 3
 Representatives of the Sutherland and White estates brought actions under 42 U.S.C. §§ 1981, 1983, and 1988, alleging violations of the decedents' fourth, fifth, and fourteenth amendment rights.[1] The complaints named Moore individually and as a police officer, Kenneth Holcombe individually and as Easley police chief, and the City of Easley. The actions were consolidated, and the defendants filed a motion for summary judgment. The plaintiffs filed for judgment on the pleadings and partial summary judgment. After argument on the defendants' motion, a United States magistrate entered summary judgment for the defendants, with prejudice. The administrators of the Sutherland and White estates appeal.[2]
 
 II
 
 4
 In reviewing a decision to grant summary judgment, we apply the same standard as the court below--summary judgment is appropriate only if "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c); see Helm v. Western Maryland Ry. Co., 838 F.2d 729, 734 (4th Cir.1988). But the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), because the judge (or here, the magistrate) must "determine whether there is a genuine issue for trial.... [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).
 
 
 5
 The appellants contend their case should have been allowed to proceed to trial because the record contains ample evidence that (1) the appellants' actions constituted an unreasonable seizure in violation of the fourth amendment, (2) the appellants used excessive force in violation of substantive due process under the fourteenth amendment, and (3) Chief Holcombe and the city failed to supervise and train officers and to develop a policy concerning high speed chases. We address these arguments seriatim.[3]
 
 
 6
 Appellants contend that the crash which killed the decedents constituted an unreasonable seizure. They put forth two theories, the first derived from a recent Supreme Court decision concerning a high speed chase, Brower v. County of Inyo, 489 U.S. ----, 109 S.Ct. 1378 (1989), which held that claims that police caused a driver to crash into a roadblock were sufficient to allege a fourth amendment seizure. The appellants here contend that the accident site on Robert P. Jeans Road was a natural roadblock which police deliberately used to stop the decedents' car. The record, however, reveals that the decedents chose the route and that police merely realized the danger and slowed down. Nothing other than counsels' speculation suggests police deliberately forced the decedents into the curve with the intention of causing them to crash and slowed only after the accident which ultimately killed the decedents was unavoidable. This is not sufficient evidence of a seizure to support a jury verdict favorable to the appellants. Liberty Lobby, 477 U.S. at 249.[4]
 
 
 7
 Appellants also urge that police seized the car by bumping it off the road. Their primary support for this contention lies in photographs that show what they assert is white paint on the squad's left front bumper. Having examined this evidence in the light most favorable to appellants Sutherland and White, United States v. Diebold, Inc., 369 U.S. 654, 655 (1962), we conclude the record "could not lead a rational trier of fact to find for the nonmoving party." Matsushita, 475 U.S. at 587. We therefore hold the court below did not err in concluding there was no seizure and entering summary judgment for the police on the appellants' fourth amendment claims.
 
 
 8
 Appellants also raise a fourteenth amendment substantive due process argument. However, the Supreme Court recently foreclosed that theory in cases such as the one at bar:
 
 
 9
 [A]ll claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.
 
 
 10
 Graham v. Connor, 489 U.S. ----, 109 S.Ct. 1865, 1871 (1989). The preceding fourth amendment analysis, therefore, disposes of appellants' substantive due process argument.
 
 
 11
 Finally, our conclusion that the appellants have failed to maintain their constitutional claims makes it unnecessary to address their contentions concerning the adequacy of supervision and training provided by police chief Holcombe and the City of Easley.[5]
 
 
 12
 In view of the above, the judgment of the district court is
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The complaints also raised pendent claims under state wrongful death and survival statutes
 
 
 [2]
 With the consent of the parties, a magistrate may conduct the proceedings and order entry of judgment in a civil case. 28 U.S.C. § 636(c)(1). Such a judgment may be appealed directly to the appropriate United States Court of Appeals. 28 U.S.C. § 636(c)(3)
 
 
 [3]
 Three Supreme Court opinions relevant to this case were handed down after the magistrate entered his order. See Graham v. Connor, 489 U.S. ----, 109 S.Ct. 1865 (1989); Brower v. County of Inyo, 489 U.S. ----, 109 S.Ct. 1378 (1989); City of Canton, Ohio v. Harris, 489 U.S. ----, 109 S.Ct. 1197 (1989). The most recent of these, Graham, was decided after the appellants filed their opening brief; however, it was addressed in their reply brief and in oral argument
 
 
 [4]
 Our conclusion is consistent with dicta in Brower, in which the Court opined that no unconstitutional seizure occurs in "a police chase in which the suspect unexpectedly loses control of his car and crashes." 109 S.Ct. at 1381. The appellants here make much of the word "unexpectedly," suggesting the crash in the present case was not unexpected because police knew the curve was dangerous. We believe their interpretation creates a distinction which the Court did not intend. All high speed pursuits are dangerous. But Galas v. McKee, 801 F.2d 200, 203 (6th Cir.1986), which the Court cited favorably in Brower, held that "the use of high-speed pursuits by police officers is not an unreasonable method of seizing traffic violators."
 
 
 [5]
 The Supreme Court has explained that § 1983 municipal liability may attach only when the failure to train both evidences "deliberate indifference" to the constitutional rights of its inhabitants and causes the injury in question. City of Canton, 109 S.Ct. at 1204-05. The causal factor is missing here